AO (Rev. 5/85) Criminal Complaint

# UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

FILED IN OPEN COURT
7.14.17
CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE FLORIDA

UNITED STATES OF AMERICA

vs.

MIGUEL PACHECO-LOPEZ

**CRIMINAL COMPLAINT**

CASE NUMBER: 3:17-mj- 1258 - MCR

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief. In or about May, 2017, in Duval County, in the Middle District of Florida, the defendant,

> did encourage and induce an alien, namely a minor child with the initials S.M., to come to, enter, and reside in the United States, knowing and in reckless disregard of the fact that such coming to, entry, and residence in the United States was in violation of law,

in violation of Title 8, United States Code, Section 1324(a)(1)(A)(iv). I further state that I am a Special Agent of the Department of Homeland Security, United States Immigration and Customs Enforcement, Homeland Security Investigations, and that this Complaint is based on the following facts:

SEE ATTACHED AFFIDAVIT

Continued on the attached sheet and made a part hereof:   ☒ Yes   ☐ No

_____
Signature of Complainant
Donald Wells

Sworn to before me and subscribed in my presence,

July 14, 2017                           at           Jacksonville, Florida

MONTE C. RICHARDSON
United States Magistrate Judge
Name & Title of Judicial Officer

_____
Signature of Judicial Officer

## CRIMINAL COMPLAINT AFFIDAVIT

I, Donald Wells, being a duly sworn and appointed Special Agent of the Department of Homeland Security, United States Immigration and Customs Enforcement ("ICE"), Homeland Security Investigations ("HSI"), hereby make the following statement in support of the attached criminal complaint.

1. Your affiant has been in the federal law enforcement service for 15 years, initially as a Customs Inspector and then as a Special Agent of ICE. Your affiant has training and experience in the preparation, presentation, and service of criminal complaints and arrest warrants.

2. On June 12, 2017, HSI initiated a three-phased, unified campaign to disrupt and dismantle human smuggling organizations ("HSOs") engaged in smuggling unaccompanied alien children into the United States. A significant part of this effort will focus on prosecution of the participants in the smuggling scheme, including the persons who engaged, when possible, the services of an HSO.

3. On June 30, 2017, your affiant received information through HSI channels that MIGUEL PACHECO-LOPEZ had assisted in the smuggling of a 16-year-old Guatemalan minor, hereinafter referred to as "S.M.". The information included an address for PACHECO-LOPEZ of 11441 Tori Lane in Jacksonville, Florida.

4. On July 6, 2017, at approximately 11:00 a.m., your affiant and Special Agent ("SA") Michael Wood arrived at 11441 Tori Lane in Jacksonville and knocked on the door. An unknown man, later identified as Widi Basuki, stated that PACHECO-

LOPEZ lived at the address, but was not currently home. Through further investigation, your affiant learned that PACHECO-LOPEZ was at work at Fujiyama Japanese Steak House located at 13141 City Station Drive, Suite 151, in Jacksonville.

5. At approximately 1:00 p.m. on July 6, 2017, your affiant and SA Wood arrived at 13141 City Station Drive, Suite 151, in Jacksonville. Upon arrival, SA Wood noticed a sign on Fujiyama's front door that read, "Closed Today Sorry". Your affiant drove to the commercial entrance located at the back of the restaurant. Your affiant noticed a propped open door and a man nearby who was identified as Mingxiang Zhu. Zhu stated that the owner of the restaurant called and instructed all employees except him to leave and to walk to a Wal-Mart located at 13227 City Square Drive in Jacksonville.

6. At approximately 1:30 p.m., your affiant and SA Wood arrived at 13227 City Square Drive in Jacksonville and entered the Wal-Mart to walk around and look for PACHECO-LOPEZ. While in Wal-Mart, SA Wood noticed a Hispanic male walking in a grocery aisle. SA Wood, a proficient Spanish speaker, asked in Spanish, "What is your name?" The Hispanic male answered that his name was MIGUEL PACHECO-LOPEZ. SA Wood then asked in Spanish, "What is your status in the United States?" and PACHECO-LOPEZ answered, "Illegal". PACHECO-LOPEZ was placed under administrative arrest and transported to the ICE office in Jacksonville for administrative processing.

7. During administrative processing, PACHECO-LOPEZ stated, in Spanish, that his native language is K'iche', which is a Mesoamerican language in the

Mayan language family. PACHECO-LOPEZ further stated that he understood Spanish enough to understand our questions, but that his first language was K'iche'. PACHECO-LOPEZ was processed for removal and ordered held in custody by ICE.

8. On July 11, 2017, your affiant arranged through Lionbridge, an ICE-contracted language service, for a K'iche' translator named Francisco Icala to assist in an interview of PACHECO-LOPEZ. The translators for Lionbridge must qualify annually in order to be listed as a certified translator. Mr. Icala carries a certification in K'iche' and Spanish, but not English, so your affiant asked ICE Deportation Officer Abraham Velez, a native Spanish speaker, to translate from English to Spanish and then back to English from Mr. Icala's Spanish. PACHECO-LOPEZ was read his Miranda rights and agreed to make a statement without an attorney present.

9. PACHECO-LOPEZ was placed under oath and stated, among other things, the following:

    a. That his name is MIGUEL PACHECO-LOPEZ and that he was born in 1983 in Guatemala and is a citizen of Guatemala.

    b. That he entered the United States illegally on October 11, 2016.

    c. That S.M. is his brother-in-law, that is, his wife's brother.

    d. That he sent 45,000 Guatemalan Quetzal (approx. $6,100 USD) to his father in Guatemala by wire to pay for smugglers to smuggle S.M. into the United States.

      e.    That 20,000 Quetzal (approx. $2,700 USD) was a gift from him to S.M., and that the other 25,000 Quetzal (approx. $3,400 USD) was to be paid back after S.M. started working in the United States.

      f.    That he knew that the money was for the purpose of paying "coyotes" to smuggle S.M. into the United States.

      g.    That he was not sure what S.M.'s immigration status would be when S.M. entered the United States.

10.    On July 12, 2017, your affiant arranged, through Lionbridge, for a K'iche' translator named Carlos Perez-Senej to assist in another interview of PACHECO-LOPEZ. As with Mr. Icala, Mr. Perez-Senej carries a certification in K'iche' and Spanish, but not English, so your affiant again asked Deportation Officer Velez to translate from English to Spanish and then back to English from Mr. Perez-Senej's Spanish. PACHECO-LOPEZ was read his Miranda rights and agreed to make a statement without an attorney present.

11.    PACHECO-LOPEZ was placed under oath and stated, among other things, the following:

      a.    That he sent the 45,000 Guatemalan Quetzal (approx. $6,100 USD) to his father in Guatemala by wire around the middle of May, 2017, from a MoneyGram store located in the Wal-Mart located at 13227 City Square Drive in Jacksonville at which he had been administratively arrested.

4

b. That he was to be paid 8% interest on the 25,000 Quetzal (approx. $3,400 USD) that was to be paid back after S.M. started working in the United States.

c. That he was not sure what S.M.'s status would be when S.M. entered the United States but that, given the circumstances—including that a large sum of money was being paid to "coyotes" and that S.M. was going to be snuck across the border—it was reasonable to believe that S.M. would be entering the country illegally.

12. On July 12, 2017, at approximately 3:15 p.m., Assistant United States Attorney Arnold B. Corsmeier was advised of the foregoing facts and he authorized criminal prosecution of PACHECO-LOPEZ.

Based on the foregoing facts, your affiant believes there is probable cause to establish that MIGUEL PACHECO-LOPEZ did encourage and induce an alien, namely a minor child with the initials S.M., to come to, enter, and reside in the United States, knowing and in reckless disregard of the fact that such coming to, entry, and residence in the United States was in violation of law, in violation of Title 8, United States Code, Section 1324(a)(1)(A)(iv).

_____
Donald Wells, Special Agent
U.S. Immigration and Customs Enforcement
Jacksonville, Florida