FILED IN OPEN COURT
JACKSONVILLE, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

v.  Case No. 3:17-cr-147-J-32PDB

MIGUEL PACHECO-LOPEZ

_____

**UNITED STATES' NOTICE OF MAXIMUM PENALTIES, ELEMENTS
OF OFFENSE, PERSONALIZATION OF ELEMENTS, AND FACTUAL BASIS**

COMES NOW the United States of America, by and through the undersigned Assistant United States Attorney, stating as follows:

A.  **MAXIMUM PENALTIES**

The defendant has expressed a desire to enter a plea of guilty to the offense charged in Count One of the Indictment. Count One charges the defendant with encouraging or inducing an alien to come to, enter, or reside in the United States in violation of law, in violation of Title 8, United States Code, Section 1324(a)(1)(A)(iv). The maximum penalties for Count One are a term of imprisonment of not more than five years, a fine of not more than $250,000, or both a term of imprisonment and a fine, a term of supervised release of not more than three years, and a special assessment of $100, which is due on the date of sentencing. A violation of the terms and conditions of supervised release is punishable by a maximum sentence of not more than two years of additional imprisonment as well as the possibility of an additional term of supervised release.

Conviction of the offense also will adversely affect the defendant's immigration status in the United States, both now and in the future, and will result in his removal from the United States.

B. **ELEMENTS OF THE OFFENSE**

The elements of an offense in violation of Title 8, United States Code, Section 1324(a)(1)(A)(iv) are:

(1) S.M. was an alien, that is, a citizen of another country and not a citizen of the United States;

(2) the defendant encouraged or induced, or aided or abetted the encouragement or inducement of, S.M. to come to, enter, or reside in the United States; and

(3) the defendant knew or recklessly disregarded the fact that S.M.'s coming to, entering, or residing in the United States was in violation of law.

C. **PERSONALIZATION OF ELEMENTS**

1. Do you admit that S.M. was an alien, that is, a citizen of Guatemala and not a citizen of the United States?

2. Do you admit that you encouraged or induced, or aided and abetted the encouragement or inducement of, S.M. to come to, enter, and reside in the United States by sending money to Guatemala to help pay the expenses for S.M. to be brought to the United States?

3. Do you admit that you knew or recklessly disregarded the fact that S.M.'s coming to, entering, or residing in the United States was in violation of law?

### D. FACTUAL BASIS

#### 1. Purpose

The following facts are set forth to aid the Court in making an inquiry to satisfy it that there is a factual basis for the plea of guilty in accordance with Rule 11(f), Fed. R. Crim. P. The government reserves its right to provide all relevant information concerning the defendant and the offense committed to the Probation Office and the Court for sentencing purposes.

#### 2. Facts

On June 29, 2017, a Border Patrol Agent encountered a 16-year-old Guatemalan minor, hereinafter referred to as "S.M.", in the Rio Grande Valley in Texas. In an interview, S.M. stated that he was a citizen of Guatemala and that he had entered the country illegally. S.M. also said that he had a brother-in-law named MIGUEL PACHECO-LOPEZ who lived at 11441 Tori Lane in Jacksonville, which was his destination in the United States.

On July 6, 2017, HSI agents went to 11441 Tori Lane to locate the defendant. Because the defendant was not home, the agents went to the restaurant where the defendant worked. The agents located the defendant at a store near the restaurant and spoke to him in Spanish. An agent asked the defendant for his name and the defendant answered that it was MIGUEL PACHECO-LOPEZ. The agent asked the defendant what his status was in the United States and the defendant responded, "Illegal". The defendant was then placed under administrative arrest and transported to the ICE office in Jacksonville

for administrative processing. At the ICE office, the defendant stated, in Spanish, that his native language is K'iche', which is an indigenous Mayan language.

HSI agents later interviewed the defendant on two occasions using the services of a K'iche' translator. Each time, the defendant was read his Miranda rights and he agreed to make a statement without an attorney present. During the interviews, the defendant stated that his name is MIGUEL PACHECO-LOPEZ, that he is a citizen of Guatemala, and that he had entered the United States illegally. He said that S.M. is his brother-in-law, that is, his wife's brother, and that he had sent money to Guatemala to help pay the expenses for S.M. to be brought to the United States. He said that he was not sure what S.M.'s immigration status would be when S.M. entered the United States but that he thought S.M. would be entering the country illegally.

Respectfully submitted,

W. STEPHEN MULDROW
Acting United States Attorney

By: _____
ARNOLD B. CORSMEIER
Assistant United States Attorney
Florida Bar No. 869139
300 N. Hogan Street, Suite 7-350
Jacksonville, FL  32202-4270
Telephone:  (904) 301-6300
Facsimile:  (904) 301-6310
Email:  chip.corsmeier@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on November 21, 2017, the foregoing was filed in open court and a copy was hand-delivered to the following:

Waffa Hanania, Esq.

ARNOLD B. CORSMEIER
Assistant United States Attorney