**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

**UNITED STATES OF AMERICA**

v.                              Case Number:  3:17-cr-147-J-32PDB

**MIGUEL PACHECO-LOPEZ**

---

## MIGUEL PACHECO-LOPEZ'S SENTENCING MEMORANDUM

The Defendant, **MIGUEL PACHECO-LOPEZ**, by and through his undersigned attorney, hereby files this sentencing memorandum in anticipation of the hearing currently set for February 22, 2018 at 11:00 AM, and asks the Court to consider the following in determining the appropriate sentence herein:

## INTRODUCTION

Miguel Pacheco-Lopez has always been extremely remorseful for his actions.  AT first, he did not really understand what he had done wrong.  He was only helping a family member at the family's request.  Eventually he understood, pled guilty and admitted his wrongdoing.  He stands before this Court prepared to face the consequences for his actions.  He has accepted responsibility and pled guilty to the single count of the Indictment, which charged him with the felony offense of Encouraging or Inducing an Alien to Come To, Enter or Reside in the United States in Violation of Law, in violation of Title 8 U.S.C. §1324(a)(1)(A)(iv) and Title 8 U.S.C. §1324(a)(1)(B)(ii).  This charge subjects him to a maximum penalty of 5 years and/or a fine of up to $250,000.  With a total offense level of 11 and a criminal history category of I, Mr. Pacheco-Lopez's guidelines, as calculated by the probation officer, are eight to fourteen months.

This Court must impose a sentence that is "sufficient, but not greater than necessary, to comply" with the purpose of sentencing. 18 U.S.C. §3553(a). The goal of sentencing "is to lock in a sentence that is not too short and not too long, but just right to serve of purposes of §3553(a)." *United States v. Irey*, 612 F.3d 1160, 1197 (11th Cir. 2010) (*en banc*). Mr. Pacheco-Lopez respectfully submits that a sentence of time served is sufficient to satisfy the purposes of sentencing in this case, as set forth in 18 U.S.C. § 3553(a) and that a more restrictive punishment would be greater than necessary. The Defense further submits that since the statute requires no term of supervised release and Mr. Pacheco-Lopez is a deportable alien who likely will be deported, the Court should not impose of a term of supervised release. See USSG §5D1.1(c).

### HISTORY AND CHARACTERISTICS OF MIGUEL PACHECO-LOPEZ

Mr. Pacheco-Lopez is a quiet, humble man whose sole concern throughout the pendency of this case has been the welfare of his family. He is keenly aware that his wife and children suffer without his income, whether earned here or in their homeland. This is especially true because he comes from an impoverished country where the dollars he earned as a dishwasher in the United States seemed like a fortune. He is extremely close to his extended family as well, even to the point of calling his father-in-law "my father." So when his father begged him repeatedly to allow Santiago, his wife's younger brother, to stay with him in the United States, he ultimately agreed. He knew that the opportunity for Santiago to come here, receive some level of education and then work to support his family at home would be a godsend to the whole family. Santiago is still here in the United States, and living with a cousin. Mr. Pacheco-Lopez regrets his actions, not

because he begrudges the benefit to Santiago and the extended family, but because of the pain of his incarceration and the impact it has had on his family.

Mr. Pacheco-Lopez was born and raised in Guatemala and is one of five children to his parents. He has absolutely no schooling and cannot read or write his native language. He comes from a family of farmers and homemakers, people who work long and physically demanding hours just to put somewhat precarious roofs over their children's heads, clothe, and feed them. His siblings all still reside in Guatemala. Nonetheless, they are a close and loving family. Mr. Pacheco-Lopez grew up with strong values that are evident today in his strong work ethic, his commitment to his family and his lack of any criminal history.

His wife, Juana, lives in their home country with their two daughters, Celestina, age 7 and Alicia, age three. He has not had any contact with his family since his arrest. His family does not the money to set up a phone account at the Nassau County Jail or give him money for his commissary account. Defense counsel and her investigator have tried to pass on as much information as possible, but since the family speaks Quiche, instead of Spanish, that communication has not been as often as it might have been with English or Spanish speaking clients. This incarceration, the first and only for Mr. Pacheco-Lopez, has been especially hard for him and his family. A time-served sentence, which is within his guidelines, is punishment enough given the circumstances of this case and the type of sentence he has already served.

His wife, Juana and their children live on a small piece of land in their hometown in a humble one-room home with wooden walls and sheet roofing. Ms. Juana Maldonado

Tzoy went on to say in the interview that the family is struggling, and that his children are suffering for a lack of many necessities.

## **NATURE AND CIRCUMSTANCES OF THE OFFENSE**

One purpose of sentencing is to deter future criminal conduct. The sentence Mr. Pacheco-Lopez has already served has been traumatizing for him and his family. He has no desire ever to repeat this experience. He will be removed from the United States and he plans never to return. Mr. Pacheco-Lopez has already been deterred from any future criminal conduct and a lengthier sentence will not accomplish any greater deterrence. The nature and circumstances of this case do not support a more severe sentence than he has already served.

During the course of this case, Defense Counsel, was able, after much struggling with interpreters, time zones and finding a workable phone number, to make contact with Mr. Pacheco-Lopez's family. Their statements made it clear that Mr. Pacheco-Lopez got involved in this event only after repeated exhortations from his father-in-law. "I begged him and begged him", his father-in-law said. Santiago wanted an education, especially the kind that he could get in the United States and could never get in his home country. They emphasized over and over that he was only doing them a favor and that he was not the director or creator of the plan. In fact, he had nothing whatsoever to do with the making of the arrangements for Santiago's trip into the United States. He knew only the general plans and when he might expect Santiago at his door. "The only thing that drove him to act in the given circumstances was to help his minor brother-in-law" Santiago's father, Mr. Agustin Maldonado Pu said.

An interview with Santiago, conducted by Defense Counsel in September of 2017, supports these facts. Santiago, upon his detention by Border Patrol just after crossing the border, was eventually released to a distant cousin who lives in Florida. Santiago confirmed that he had never attended school before but that now he is enrolled in school here. "We are extremely poor; I wanted a better life, a different opportunity, a better opportunity to help myself and my family." It was his own decision to come here, made for his own purposes. He is sorry that these actions have caused so much pain for the man that is not only his brother-in-law but also his friend and only because Miguel agreed to help him. He tells me that Miguel and the family are very poor and that his kids need him. Sadly, Mr. Pacheco-Lopez's children will not have the opportunity for an education that Santiago is receiving right now.

Santiago's position is, of course, also precarious. While he has been released to the care of a relative because of his age, he still has to face his own immigration case. He calls as instructed every week but does not have a court date yet. In the meantime, he is trying to make the most of the education opportunity he has while he waits.

It should be clear, based on the totality of the circumstances that Mr. Pacheco-Lopez did not act with any real criminal motives behind his conduct. There was no ill intent, only a desire to help a family member to the extent to which he was able.

## **CONCLUSION**

As Sister Helen Prejean once stated, "People are more than the worst thing they have ever done in their lives." Our sentencing laws ask the Court to take that into consideration. Federal sentencing law generally asks a court to consider retribution, deterrence, incapacitation and rehabilitation. Retribution imposes punishment based on

5

moral culpability, whereas deterrence, incapacitation, and rehabilitation are directed towards society's future.

The ultimate objective is to make sure that the offender never offends again, by whatever combination of tools are available. Everything about Mr. Pacheco-Lopez's past, his character and the circumstances of this offense should serve to reassure this Court that the recommendation by Defense Counsel is sufficient to accomplish the purposes of sentencing set out by statute and represents an equitable and just sentence in this case.

**DONNA LEE ELM**
**FEDERAL DEFENDER**

Respectfully Submitted By:

*/s/ Waffa J. Hanania*
Waffa J. Hanania
Assistant Federal Defender
Florida Bar No. 0888631
200 West Forsyth Street, Suite 1240
Jacksonville, Florida 32202
Telephone: (904) 232-3039
Fax: (904) 232-1937
Email: waffa_hanania@fd.org

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 16th day of February, 2018, a true copy of the foregoing was served by electronic notification to Chip Corsmeier, Office of the United States Attorney and Kyle McCrohan, United States Probation Office.

*/s/Waffa Hanania*
Waffa Hanania